█ JOHANNE SODERSTROM, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries allegedly sustained as a result of a fall on a crosswalk covered with ice and snow, the appeal is from a judgment entered on the verdict of a jury in favor of respondent. The accident occurred on December 25, 1948, around 2:30 A. M., about five days after the termination of a snowstorm during which 16.7 inches of snow fell. Respondent claimed that the accident was caused by the negligent piling of snow by appellant at the place of the accident after the roadway had been cleared by snowplows. Judgment reversed on the law, without costs, and complaint dismissed. The findings of fact are affirmed. (Davis v. City of New York, 296 N. Y. 869; Weisfeld v. City of New York, 282 App. Div. 739.) Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

█ VILLAGE OF HASTINGS-ON-HUDSON, Appellant, v. CONSOLIDATED EDISON CO. OF NEW YORK, INC., Respondent.— In an action to recover damages for injury to property claimed to have been caused by an explosion due to leakage of gas from respondent's gas mains, the appeal is from an order dated June 12, 1955 which granted, in part, appellant's motion for an examination before trial, and from an order dated May 31, 1956 which on reargument adhered to the original decision. Order dated May 31, 1956 modified so as to grant the motion for examination before trial in full, as set forth in appellant's original notice of motion. As so modified, order affirmed, with $10 costs and disbursements to appellant. Appellant should be permitted to· examine respondent not only as to a period of time up to the happening of the accident, but also as to the condition at the time of the happening of the accident and thereafter so long as the condition was not changed. Appeal from order dated June 12, 1955 dismissed, without costs. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

█ DORIS WISNIEWSKI, as Administratrix of the Estate of ADAM WISNIEWSKI, Deceased, Appellant, v. NEW YORK DOCK COMPANY, Defendant and Third-Party Plaintiff-Respondent. JULES S. SOTTNEK CO., INC., Third-Party Defendant.— In an action to recover damages for wrongful death and for conscious pain and suffering, it appears that the intestate, while standing on a private street owned by respondent, was struck by a tractor crane negligently operated by a fellow employee. The appeal is from so much of the judgment as dismisses the complaint at the close of the entire case. Judgment insofar as appealed from unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [See post, p. 938.]

(April 8, 1957)

█ SAM BENNETT, Respondent, v. ALEXANDER NONES et al., Appellants, et al., Defendants.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [See ante, p. 712.]